Raymond J. Bordelon (SBN 68695)
1584 W. Cerritos Ave.
Anaheim, CA 92802
P: (714) 381-7485
E: raymond@goecoled.com

Attorney for Plaintiff
GoEco LED LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| GoEco LED LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> Specialty Lighting Group, LLC., a Connecticut limited liability company, and Does 1 through 25, <br><br> Defendants. | **Case: 8:18-cv-00609** <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1.   BREACH OF CONTRACT;** <br> **2.   OPEN BOOK ACCOUNT;** <br> **3.   ACCOUNT STATED.** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff GoEco LED LLC. ("GoEco") complains and alleges as follows:

## I.   **PARTIES**

1.    Plaintiff GoEco is a California limited liability company, with its principal place of business located at 107 Excursion, Irvine, CA 92618.

2.    Defendant Specialty Lighting Group, LLC ("Specialty Lighting") is a Connecticut limited liability company, with its principal place of business located at 74 Pickering Street, Portland, CT., 06480.

3.    GoEco is ignorant of the true names and capacities, whether individual, associate, partnership, corporate, or otherwise, of Defendants designated herein as Does 1 through 25, inclusive, and therefore sues those Defendants by these fictitious names. GoEco is informed and believes, and on that basis alleges, that Does 1 through 25, in some way unknown to GoEco, are responsible for the acts and omissions alleged in this Complaint and have incurred liability to GoEco therefor. GoEco will amend this Complaint to allege the true names and capacities of Does 1 through 25 upon discovery thereof.

4.    At all times mentioned herein, each of the Defendants was and is the agent, servant, employee, and co-conspirator of each of the other Defendants, and all of the things alleged to have been done by each Defendant were done in the capacity, scope, and course of said agency, servitude, employment, and conspiracy.

## II.   **JURISDICTION AND VENUE**

5.    This Court has jurisdiction over all causes of action asserted in this Complaint pursuant to 28 U.S.C. section 1332. The matter in controversy in the instant action exceeds the $75,000 minimum threshold of this Court. GoEco is a California LLC, with principal place of business, during the time of the events in question, at 7545 Irvine Center Drive, Irvine, CA 92618, and presently at 107 Excursion, Irvine, CA 92618. Specialty Lighting is a Connecticut LLC, with principal place of business at 74 Pickering Street, Portland, CT 06480. Accordingly, complete diversity exists between the parties to this lawsuit.

6.     Specialty Lighting is subject to the personal jurisdiction of this Court because, to GoEco's knowledge and belief, Specialty Lighting has conducted significant business within the state of California and has maintained a sales representative within California.

7.     This Court is an appropriate venue under 28 U.S.C. section 1391(c) because this Court has personal jurisdiction over Defendant, and because the principal place of business of Plaintiff lies within the geographic jurisdiction of the District Court for the Central District of California. This case should be assigned to the Southern Division of this District because Plaintiff's principal place of business is in Orange County.

### III.    NATURE OF THE ACTION

8.     Specialty Lighting, to GoEco's knowledge and belief, is a lighting sales firm, which provides lighting to a range of commercial customers, including, among others, Doctors' Associates LLC (Subway Sandwich stores), Five Guys Burgers, Shoe Carnival, and Ashley's Furniture.

9.     GoEco is an LED dealer and manufacturer's representative originally representing Zemos Korea, a Korean Corporation, and from approximately May 2012, representing Lumens Co. Ltd. ("Lumens"), a Korean manufacturer of LED products. GoEco soon thereafter opened a number of sales channels for Lumens, including Juno Lighting, various Manhattan parking garage operators, and as will be detailed herein, Specialty Lighting.

10.     Beginning in about April of 2013, while acting as the U.S. dealer for Lumens, and with Lumens' contemporaneous knowledge, consent, and encouragement, GoEco began working with Specialty Lighting's CEO, Paul O'Donnell, on the provision of LED ceiling panel lights destined for Subway Sandwich stores. These panel lights were to be manufactured by a Korean affiliate of Lumens Co. Ltd, known as Topaz Co. Ltd. ("Topaz").

11.     In the April/May 2013 timeframe, Mr. O'Donnell indicated that the initial

sales target for these LED ceiling panel lights would be to supply the new-store openings of Subway Sandwich stores, to be followed eventually by retrofits of existing Subway Sandwich Stores, as well as sales expansion into other national chains to which Specialty Lighting supplied. Mr. O'Donnell estimated that aproximately 3,000 panel lights per month would be needed initially to fulfill the needs of the new-store openings of Subway Sandwich stores. The record will show that Specialty Lighting's subsequent purchases, commencing not long after initial contact, did in fact roughly match the representations made by Mr. O'Donnell.

12.     GoEco alleges that Specialty Lighting, as well as all other related parties, specifically Lumens and Topaz, were all fully aware of, and willingly acceded to the nature, scope and details of the contemplated business transactions at issue, and that these facts were known prior to commencement of any sales by GoEco to Specialty Lighting.

13.     Specialty Lighting was to submit purchase orders to GoEco for Lumens' products, which would be payable on terms of Net 60 based upon delivery to Specialty Lighting's warehouse in Connecticut.

14.     On June 3, 2013, Specialty Lighting submitted orders to GoEco for a total of 19,000 panel lights, under purchase order numbers 3718, 3719, 3720 and 3721, which orders were fulfilled and shipped to Specialty Lighting. These products were fully paid for by Specialty Lighting by the end of December 2013.

15.     On October 30, 2013, and November 4, 2013, under purchase orders numbers 4668 and 4682 respectively, Specialty Lighting ordered 600 2'x4' panel lights, followed on December 12, 2013 by purchase orders 4938, 3939, 4940, 4957, 4958, and 4959 for an additional 8,100 2'x2' panel lights, then followed on February 2, 2014 by purchase orders 5320, 5321, 5322, 5323, 5324 and 5325 for an additional 8,100 2'x2' panel lights, all totaling 16,800 panel lights. Of these, a total of 14,100 panel lights were delivered to Specialty Lighting. GoEco will present evidence by way of a September 11, 2015 deposition of Paul O'Donnell, taken as part of related and still ongoing

1  litigation,[1] that these panels lights were ultimately received and accepted, as well as

2  verifying the purchase orders and invoices related thereto.

3      16.    By the end of March 2014, as GoEco has alleged in the above referenced

4  related litigation, Lumens unilaterally, and without prior notice, rescinded agreed

5  payment terms, effectively terminating future supply, as well as voiding two container

6  loads of panel lights shipments previously acknowledged by Lumens, and that were

7  part of the February 2, 2014 series of purchase orders noted in ¶15 above. GoEco has

8  further alleged that Lumens' actions were a willful and malicious breach by Lumens of

9  their agreements and understandings with GoEco, which were intended solely to make

10  GoEco "DEAD MEAT,"[2] and were as well a violation of various relevant provisions of

11  Article II of the Uniform Commercial Code.

12      17.    Allegedly as a result of the suspension of supply caused by the events

13  noted in ¶16 above, Specialty Lighting ultimately indicated to GoEco that Specialty

14  Lighting would withhold payment until it could fully assess the extent of its alleged

15  damages.  Specialty Lighting did in fact withhold payment, leaving an admitted balance

16  of $732,401.50.

17      18.    Though Specialty Lighting has repeatedly alleged to GoEco that it was

18  wrongly damaged, to date Specialty Lighting has not presented to GoEco proof of, or

19  an accounting of damages. In the deposition taken on September 11, 2015 of Mr. Paul

20  O'Donnell, Mr. O'Donnell indicated that he was not then aware of any specific sales

21  losses incurred by Specialty Lighting as a result of the events at issue. GoEco therefore

22  does not presently have any basis for concluding that Specialty Lighting was damaged.

23      19.    Though retaining $732,401.50 in payments owed, and though GoEco has

24  remained willing to meet and confer with Specialty Lighting on the legal issues

25  surrounding the instant matters, Specialty Lighting has not provided GoEco any

26  material briefing on the legal basis supporting Specialty Lighting's right to retain the

27

28

[1] Lumens Co. Ltd. v. GoEco LED LLC, Central District of California, case number 8:14-cv-01286-CJC-DFM (closed), then appealed to 9th Circuit Court of Appeals, case number 18-55221 (ongoing).
[2] As per the written words of Brian Kim, a Lumens manager central to the events at issue in the related litigation above.

1  funds in question.

2      20.    The outstanding amounts owed by Specialty Lighting[3], totaling

3  $732,764.00, are reflected in seven (7) invoices, verified by Mr. Paul O'Donnell in the

4  deposition of Sept. 11, 2015. These invoices are attached as Exhibit A, and are as

5  follows:

6          a.    Invoice No. 74, for 1,350 units of TE-6036 panel lights, and

7  delivery fees on same, in the amount of $104,625.00, shipped to Specialty Lighting

8  Group, and arriving on April 2, 2014;

9          b.    Invoice No. 75, for 1,350 units of TE-6036 panel lights, and

10 delivery fees on same, in the amount of $104,732.00, shipped to Specialty Lighting

11 Group, and arriving on April 4, 2014;

12         c.    Invoice No. 76, for 1,350 units of TE-6036 panel lights, and

13 delivery fees on same, in the amount of $104,762.00, shipped to Specialty Lighting

14 Group, and arriving on April 5, 2014;

15         d.    Invoice No. 79, for 1,350 units of TE-6036 panel lights, and

16 delivery fees on same, in the amount of $104,625.00, shipped to Specialty Lighting

17 Group, and arriving on May 6, 2014;

18         e.    Invoice No. 80, for 1,350 units of TE-6036 panel lights, and

19 delivery fees on same, in the amount of $104,625.00, shipped to Specialty Lighting

20 Group, and arriving on May 14, 2014;

21         f.    Invoice No. 81, for 1,350 units of TE-6036 panel lights, and

22 delivery fees on same, in the amount of $104,625.00, shipped to Specialty Lighting

23 Group, and arriving on May 20, 2014;

24         g.    Invoice No. 82, for 1,352 units of TE-6036 panel lights, and

25 delivery fees on same, in the amount of $104,770.00, shipped to Specialty Lighting

26

27 [3] Per GoEco's invoices, the outstanding balance would be $732,764. Due to minor invoice adjustments made by Specialty Lighting, such as rejecting express shipping fees, there is a slight difference between Specialty Lighting's calculation of the outstanding balance and GoEco's. GoEco will therefore utilize the admitted balance of $732,401.50 as the minimum possible owed.

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**
- 6 -

Group, and arriving on June 4, 2014.

21.    Moreover, during the September 11, 2015 deposition of Mr. Paul O'Donnell, a Specialty Lighting produced payable report, showing an approved balance owed to GoEco of $732,401.50, as well as a Specialty Lighting produced A/P ledger noting an open amount of $732,401.50, were both verified. True and correct copies are attached hereto in Exhibit B.

22.    On June 14, 2017, Specialty Lighting, via counsel, proposed a compromise settlement offer, totaling $532,401.50. This offer letter is attached hereto as Exhibit C. This offer required agreement of both GoEco and Lumens.  In consideration of the anticipated costs and effort of litigation, GoEco was at that time willing to engage in discussion of a reasonable compromise. Specialty Lighting's compromise offer was promptly rejected by Lumens, mooting further discussion of a three-way settlement.

23.    Based on all the forgoing, GoEco alleges that it is owed the principal balance of at least $732,401.50, plus applicable California prejudgment interest.

## FIRST CAUSE OF ACTION

**(Breach of Contract — Against Specialty Lighting and Does 1 through 25)**

24.    GoEco realleges and fully incorporates by reference the preceding paragraphs as though fully set forth herein.

25.    GoEco and Specialty Lighting, as evidenced by practice, writings, and verbal representations, entered into an ongoing sales contract.

26.    Under this sales contract, Specialty Lighting sent purchase orders to GoEco for products ordered, and GoEco invoiced Specialty Lighting for the orders placed.

27.    As a result of Specialty Lighting's failure to remit payment in full, Specialty Lighting is in material breach of the parties' sales contract and the outstanding invoices.

28.    As a direct and proximate result of Specialty Lighting's breach, GoEco has suffered damages of at least $732,401.50, plus interest thereon. GoEco is entitled to an award of lost profits and other damages, in an amount to be proven at trial.

29.    Further, Specialty Lighting has been unjustly enriched at GoEco's expense. Specialty Lighting knowingly and voluntarily accepted and retained the delivered products, making it inequitable for Specialty Lighting to retain those products without payment. Specialty Lighting should be required to remit the amounts due to GoEco based upon the outstanding invoices.

## SECOND CAUSE OF ACTION

**(Open Book Account — Against Specialty Lighting and Does 1 through 25)**

30.    GoEco realleges and fully incorporates by reference the preceding paragraphs as though fully set forth herein.

31.    GoEco and Specialty Lighting engaged in numerous financial transactions which required Specialty Lighting to remit payment to GoEco for the orders submitted to and filled by GoEco for the benefit of Specialty Lighting.

32.    GoEco has maintained an account of the debits and credits involved in the transactions at issue.

33.    Specialty Lighting owes GoEco monies in the amount of at least $732,401.50, plus interest thereon on the account at issue. GoEco is also entitled to other damages, in an amount to be proven at trial.

34.    Further, Specialty Lighting has been unjustly enriched at GoEcos' expense. Specialty Lighting knowingly and voluntarily accepted and retained the delivered products, making it inequitable for Specialty Lighting to retain those products without payment. Specialty Lighting should be required to remit the amounts due to GoEco based upon the outstanding invoices.

## THIRD CAUSE OF ACTION

**(Account Stated — Against Specialty Lighting and Does 1 through 25)**

35.    GoEco realleges and fully incorporates by reference the preceding paragraphs as though fully set forth herein.

36.    Specialty Lighting owes GoEco at least $732,401.50 from previous transactions between the parties on outstanding invoices.

37.    Specialty Lighting and GoEco, by conduct, agreed that the amount due to GoEco was the correct amount owed to GoEco, as Specialty Lighting was the party responsible for remitting payment in full for product shipped to Specialty Lighting.

38.    Specialty Lighting has admitted, in sworn deposition testimony, that the GoEco invoices referenced herein remain unpaid.

39.    Specialty Lighting has not paid GoEco the outstanding minimum balance of $732,401.50 owed under this account.

40.    Specialty Lighting owes GoEco at least $732,401.50, plus interest thereon. GoEco is also entitled to other damages, in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, GoEco prays for relief as follows:

A. Damages according to proof, but not less than $732,401.50;

B. Prejudgment interest per California Law;

C. Any other relief the Court deems just and proper.

Dated April 12, 2018

By  /s/ *Raymond J. Bordelon*
Raymond J. Bordelon
Attorney for GoEco LED LLC